Filed 12/23/13  P. v. Valdovinos CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073142 |
| v. | (Super. Ct. No. 11F05067) |
| JOSE LUIS VALDOVINOS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jose Luis Valdovinos asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief contending he received ineffective assistance of trial counsel.  We address this issue, in addition to undertaking a review of the record as required by *Wende*, and affirm the judgment.

BACKGROUND

On July 21, 2011, defendant, victim Tyler McEssy, Susan McEssy, and another male drove to Robert Gomez's house for Tyler to borrow some money.[1]  Susan stated

---

[1]     Because Tyler McEssy and his daughter Susan McEssy share a surname, we refer to them by their first names.

that while Tyler was out of the car, she heard gunshots and she ducked. When she raised her head, she saw defendant standing over Tyler with a gun in his hand. Susan saw defendant take off running northbound on High Street. Tyler died, having sustained multiple gunshot wounds to his head and body.

Defendant was apprehended by police after a short chase. A revolver with seven expended casings was found along the route where defendant had been running. Defendant admitted to police that he shot Tyler, explaining, due to his drug use, he heard voices telling him to kill Tyler.

Defendant was charged with first degree murder, by personal and intentional discharge of a firearm. (Pen. Code, §§ 187, 189 subd. (a), 12022.53, subd. (d).)[2] On November 6, 2012, defendant withdrew his not guilty plea and pled guilty to second degree murder and admitted a section 12022.53, subdivision (b), firearm enhancement. It was agreed defendant would serve 15 years to life in prison, plus 10 years for the enhancement.

On December 12, 2012, the trial court sentenced defendant to serve 15 years to life in prison, plus 10 years for the enhancement, in accordance with the plea agreement. The trial court ordered defendant to pay various fines and fees including a $5,000 restitution fine and victim restitution in the amount of $3,525, that may be modified upon application for additional restitution. Defendant was awarded 511 days of presentence custody credit.

Defendant appeals. The trial court issued a certificate of probable cause. (§ 1237.5.)

---

[2]    Undesignated statutory references are to the Penal Code.

## DISCUSSION

Defendant contends he was not effectively assisted by trial counsel because his counsel failed to present a defense at the preliminary hearing. Specifically, he argues counsel failed to utilize expert witness testimony from a forensic psychologist or toxicologist to establish an affirmative defense of diminished capacity.

To establish ineffective assistance of counsel, defendant must demonstrate that counsel's performance fell below professional standards and, but for counsel's failings, there is a reasonable probability defendant could have obtained a more favorable result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692 [80 L.Ed.2d 674, 693, 696]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) We will reverse a conviction on the ground of inadequate counsel only if the record on appeal affirmatively shows counsel had no rational tactical purpose for his or her act or omission; in all other cases the defendant is relegated to seeking habeas corpus relief. (*People v. Fosselman* (1983) 33 Cal.3d 572, 581-582.)

Defendant argues that, because his attorney failed to retain the services of an expert witness, such as a forensic psychologist and/or a toxicologist, he was unable to present a defense at the preliminary hearing. To demonstrate deficient performance, however, defendant must show counsel "failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates." (*People v. Pope* (1979) 23 Cal.3d 412, 425.)

Presenting affirmative defenses at a preliminary hearing would provide the prosecution with a preview of potential defenses at trial. Accordingly, defense counsel's decision not to present an affirmative defense at the preliminary hearing is easily viewed as a reasonable tactical decision that cannot support a claim of ineffective assistance on appeal. (*People v. Fosselman*, *supra*, 33 Cal.3d at pp. 581-582.)

Having also undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      HOCH    , J.

We concur:

    RAYE   , P. J.

   BLEASE  , J.

4